## MARTHA J. WHITMAN v. PATRICK B. GORMAN and Another.[1]

June 19, 1914.

Nos. 18,652—(178).

**Fraudulent conveyance — finding sustained by evidence.**

The evidence sustains the finding of the trial court that a deed purporting to convey certain land to the daughter of defendant judgment debtor was in fraud of creditors of the judgment debtor, and that plaintiff, one of such creditors, is entitled to subject the land to the payment of her claim.

Action in the district court for Stearns county to determine that the real estate described in the complaint was the property of defendant Patrick B. Gorman, although the title of record stood in the name of defendant Louise Gorman; that the judgment in favor of plaintiff in the district court for Morrison county be decreed to be a lien upon the premises, subject to a certain lease and mortgages, and that the court command an execution to be issued and the sheriff of Morrison county to levy upon the premises described, subject to the lease and mortgages mentioned in the complaint, and to sell the same for the purpose of satisfying plaintiff's judgment. The case was tried before Parsons, J., who made findings and ordered judgment in favor of plaintiff. From an order denying their motion for a new trial, defendants appealed. Affirmed.

*P. B. Gorman,* for appellants.
*J. D. Sullivan,* for respondent.

[1] Reported in 147 N. W. 958.

HALLAM, J.

This action is brought to subject certain land to the payment of a. judgment against the defendant Patrick B. Gorman. The land stands in the name of his daughter, the defendant Louise Gorman. In 1905 the land was owned by August Berg. Gorman negotiated a purchase of it for $600, and took a deed to Daniel H. Freeman. This deed was recorded, Freeman immediately conveyed to Patrick B. Gorman by deed which was not recorded. The testimony as to this and also as to subsequent transactions is in conflict, but the evidence on the part of plaintiff is in substance as follows: This purchase was made by Gorman in his own behalf. He paid the purchase price, using for that purpose a fund temporarily in his. hands; a few days later he borrowed money at a bank at St. Cloud to restore this fund, Freeman signing the note as surety. Freeman was obliged to pay the note. Gorman failing to reimburse him, Freeman conveyed the land in November, 1906, to one Volz in order to get a leverage upon Gorman, and in October, 1907, Volz conveyed to Clara H. Freeman, wife of D. H. Freeman. These last two deeds are not important. They were without consideration and never affected the rights of Patrick B. Gorman.

In 1906, and while Patrick B. Gorman still held his unrecorded deed to this land, he borrowed from plaintiff the money out of which arises the debt and judgment upon which this action is based.

On December 18, 1907, by virtue of an arrangement between Patrick B. Gorman and Daniel H. Freeman, Clara H. Freeman and Daniel H. Freeman, her husband, conveyed the land to defendant Louise Gorman, Patrick B. Gorman returned to Freeman the unrecorded deed, which he had held since 1905, but he made no conveyance of the land. Louise Gorman paid no consideration for this conveyance to her, except to give a note and mortgage for $650,. the amount of the indebtedness still due to Freeman from Patrick B. Gorman by reason of the payment of the note at the bank. At the time of this conveyance, defendant Patrick B. Gorman was insolvent and defendant Louise Gorman was advised of that fact. He has always treated the land as his own, with the acquiescence of de-

fendant Louise Gorman. At one time she gave a second mortgage' upon it, defendant Patrick B. Gorman receiving the proceeds.

The court found that Patrick B. Gorman was the owner of the land; that he acquired the same by deed from Clara H. Freeman to defendant Louise Gorman; that he paid the consideration therefor; that Patrick B. Gorman was insolvent and that he caused the deed to be made to the defendant Louise Gorman with the intention of defrauding his creditors, and especially this plaintiff; that defendant Louise Gorman paid no consideration therefor, but was a party to the fraud of defendant Patrick B. Gorman. The question in the case is, are these findings sustained by the evidence?

It is not easy to see why Patrick B. Gorman is not the legal owner of this land by virtue of the original deed from Freeman to himself in 1905. The return of the deed did not divest him of his title, and, although this deed was never recorded, it was valid as a conveyance between the parties to it, and no rights of *bona fide* purchasers are involved. But, aside from this consideration, the evidence amply sustains the finding of the trial court that in the transaction by which the land was deeded to Louise Gorman, Patrick B. Gorman was in fact the real party in interest, the buyer, if any one could by that transaction be properly called a buyer; that he was the party entitled to receive the deed; that he was insolvent and that the conveyance to Louise Gorman was made for the purpose of placing this land beyond the reach of his creditors, and that Louise Gorman was made acquainted with that fact. Plaintiff was a creditor of Patrick B. Gorman at the time of this conveyance, and she is entitled to have this land subjected to the payment of her claim.

Order affirmed.